**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| **v.** ) | **CRIMINAL NO. 96-00221-KD** |
| **MARILYN DENISE BELLO,** ) | |
| **Defendant.** ) | |

**ORDER**

This matter is before the Court on defendant Marilyn Denise Bello's *pro se* "Application for Sentence Reduction Information Sheet in support of Counsel's Motion pursuant to 18 U.S.C. § 3582(c)(2)(i)(11)" (doc. 164) and the response filed by the United States (doc. 166). Upon consideration, and for the reasons set forth herein, the motion is **DENIED** for lack of jurisdiction.

Bello filed her *pro se* application which appears to be an information sheet prepared to support a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2)(i)(ii). She argues that her "sentence should be reduced according to 18 U.S.C. § 3582, by removing upward departure for crack cocaine." (doc. 164). Bello asserts that the judge, prosecutor and her defense counsel did not know the difference between crack and powder cocaine "except as an opportunity to enhance the sentence dramatically." (Id.)

The Government responds that Bello's purported motion pursuant to 18 U.S.C. § 3582(c)(2) is merely a complaint that when she was originally sentenced this court lacked authority to sentence her based on crack cocaine because she was indicted only for powder cocaine. The Government argues that this Court has no authority to revisit Bello's settled sentencing determinations. The Government points out that Bello previously filed a motion

pursuant to 18 U.S.C. § 3582(c)(2) which was denied.[1]

Upon careful reading of Bello's pleading, it appears that she moves the court for a re-sentencing on basis that the district court erred by re-characterizing the powder cocaine as crack cocaine and sentencing her pursuant to the guideline established for crack cocaine in excess of 1.5 kilograms.  Bello argues that she should have been sentenced for powder cocaine which would have resulted in a lower sentencing guideline level.  However, that circumstance does not fall within the parameters of 18 U.S.C. § 3582(c)(2), and thus the statute is not applicable.[2]

Also, this court lacks authority to reconsider Bello's sentence because a sentencing court generally "may not modify a term of imprisonment once it has been imposed." United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir.2005);United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed

---

[1] The docket indicates that Bello filed a Motion to Vacate, Set Aside and Correct Sentence under 18 U.S.C. § 3582 on March 14, 2008 and her motion was denied (docs. 152, 153, 155).  She then filed a motion for reconsideration which was also denied (docs. 156, 157, 161).  The district court found as follows: "At sentencing, defendant was assigned a base offense level of 38 pursuant to U.S.S.G § 2D1.1(c)(2), based on a determination that the offense of conviction involved more than 20 kilograms of cocaine base.  Amendment 706 to the United States Sentencing Guidelines does not reduce the base offense level for offenses involving greater than 4.5 kilograms of cocaine base.  Consequently, defendant is ineligible for relief under Amendment 706 and her motion under 18 U.S.C. § 3582(c)(2) is DENIED." (doc. 155).

[2] The statute provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  What Bello seeks, to be sentenced for powder cocaine instead of crack cocaine, does not render her a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Id.   Her effort to seek a lower sentence under this statute was denied. (See note 1).

sentence; it may do so only pursuant to statutory authorization"); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002) (finding that district court did not possess "some sort of inherent authority to modify a sentence").  Also, Bello cannot bring her motion to correct her allegedly improper sentence pursuant to Rule 35(a).  A "court may correct or reduce a sentence resulting from 'arithmetical, technical or other clear error' within seven days of sentencing. . . . [but], the seven-day period for correcting a sentence is a jurisdictional restriction."  United States v. Flint, 178 Fed.Appx. 964, 967-968 (11th Cir. 2006) (footnote and citations omitted).  Accordingly, because this court lacks authority or jurisdiction to grant the relief requested, Bello's motion is **DENIED.**

    **DONE** and **ORDERED** this 18th day of May, 2009.

                                    **s/ Kristi K. DuBose**
                                    **KRISTI K. DuBOSE**
                                    **UNITED STATES DISTRICT JUDGE**